IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOSHUA PECK, | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-00934-MJH |
| | ) |
| vs. | ) |
| | ) |
| SSSI, INC., WAYNE HAYMAN, | ) |
| | ) |
| Defendants, | |

OPINION AND ORDER

Plaintiff, Joshua Peck, brings the within action against Defendant, Wayne Hayman, for Battery (Count I), Assault (Count III) and against Defendant, SSSI, Inc., for Battery (Count II), Assault (Count IV), Negligent Retention & Hiring (Count V), Workers' Compensation Retaliation in Violation of Pennsylvania Public Policy (Count VI), and Negligent Performance of Undertaking to Render Services (Count VII). (ECF No. 10). SSSI, Inc. now moves for dismissal of Counts II, IV, and V pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 11). The matter is now ripe for decision.

Following consideration of Mr. Peck's Amended Complaint (ECF No. 10), SSSI's Motion to Dismiss (ECF No. 11), the respective briefs and responses (ECF Nos. 12, 13, and 14), and for the following reasons, SSSI's Motion to Dismiss will be denied.

I. Background

SSSI employed Mr. Peck as a bricklayer and Defendant, Wayne Hayman, as a foreman. (ECF No. 10 at ¶¶ 6 and 7). Mr. Peck alleges that Mr. Hayman verbally abused him and that he reported said abuse to SSSI's general foreman. *Id*. at ¶¶ 8-9. SSSI's general foreman, Rick

Ringer, responded by separating Mr. Hayman from Mr. Peck, allegedly recognizing the threat posed by Mr. Hayman's conduct. *Id*. at ¶¶ 10-11.

Mr. Peck alleges that, despite this recognition, on September 29, 2022, SSSI assigned Mr. Peck to work on a job with Mr. Hayman. *Id*. at ¶ 15. Mr. Peck avers that Mr. Hayman verbally harassed him while they were working. *Id*. at ¶ 18. When they were driving from the job site that day to SSSI's workplace, Mr. Hayman allegedly continued to verbally abuse Mr. Peck, to the point that Mr. Peck told Mr. Hayman that he would file a report with human resources. *Id*. at ¶ 20. Mr. Hayman then allegedly drove down an alleyway and ordered Mr. Peck out of the vehicle. *Id*. at ¶¶ 21-22. Mr. Peck alleges he refused to exit the vehicle, and Mr. Hayman tried to push plaintiff out of the car. *Id*. at ¶ 23. Mr. Hayman then allegedly punched Mr. Peck causing injury to his left eye socket. *Id*. at ¶¶ 24-25. Mr. Peck filed a worker's compensation claim for the incident. *Id*. at ¶ 33. On October 5, 2022, SSSI terminated Mr. Peck's employment. *Id*. at ¶ 34.

II.     Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

III.     Discussion

    A.  Assault (Count II) and Battery (Count IV)

SSSI argues that, because Mr. Hayman's alleged conduct fell outside the scope of his employment, it cannot be vicariously liable for assault and battery. Mr. Peck contends that the determination of whether Mr. Haman's conduct fell within the scope of his employment requires a fact-intensive inquiry and a fully developed evidentiary record.

Under the theory of respondeat superior, an employer "is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment." *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. Ct. 2000) (citing *Fitzgerald v. McCutcheon*, 270 Pa.Super. 102, 410 A.2d 1270 (1979)). An employer's vicarious liability "may extend even to intentional or criminal acts committed by the employee." *Id*. An employee's conduct is considered "within the scope" of his employment for purposes of vicarious liability if:

> (1) it is of a kind and nature that the employee is employed to perform;
> (2) it occurs substantially within the authorized time and space limits;
> (3) it is actuated, at least in part, by a purpose to serve the employer; and
> (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.

*Spitsin v. WGM Transp., Inc.*, 97 A.3d 774, 778 (Pa. Super. Ct. 2014) (quoting *Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998)).

Here, the Court observes, after conducting its own research, that both parties have missed the mark in their arguments regarding SSSI's potential liability for assault and battery. In the parties briefing, the cases cited primarily reference employer liability for employee conduct

against third parties, not fellow employees.[1]  Without the benefit of the parties addressing the legal issues and defenses that match this case, i.e. employee on employee conduct,  the Court cannot properly conduct an analysis of SSSI's Motion to Dismiss Counts II and IV.  SSSI's arguments to dismiss said claims do not match the circumstances of this case.  Therefore, at this stage, the Court cannot dismiss Counts II and IV.

Accordingly, SSSI's Motion to Dismiss Counts II and IV will be denied.

B.  Negligent Retention and Hiring (Count V)

SSSI argues that Mr. Peck's Amended Complaint fails to specifically allege that SSSI knew or should have known that Mr. Hayman would strike Mr. Peck or had a propensity for violence.  In addition , SSSI maintains that the Amended Complaint does not plead that the incident in question occcured on SSSI's premises; but rather, in some unspecified alleyway. Mr. Peck contends that the Amended Complaint sufficiently pleads a claim for negligent retention and hiring, because SSSI had knowledge of Mr. Hayman's prior threats against Mr. Peck.

---

[1] *See Spitsin* (taxi employee striking passenger); *Costa* (hospital employee assaulting security company employee); *Kovach v. Serv. Personnel & Empl. of the Dairy Indust.*, 58 F. Supp.3d 469 (W.D. Pa. 2014) (addressing, on summary judgment, liability of union and not employer over assault by steward). On a motion to dismiss, *Kovach* addressed employer liability, but the parties did not address the early posture of the case in their briefing; *Valles v. Albert Einstein Med. Ctr.*, 805 A.2d 1232, 1235 (2002) (liability of hospital for actions of doctor against patient); *Bissett v. Verizon Wireless*, 401 F.Supp.3d 487, 490 (M.D. Pa. 2019) (customer's claim against store employee and store); *Howard v. Zaney Bar*, 369 Pa. 155, 155, 85 A.2d 401, 401 (1952) (claim by bar patron against bar); *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692 (Pa. Super. Ct. 2000) (addressing liability of church regarding minister's misconduct against minor); *Kaminski v. Mydatt Servs. Inc.*, 2:12-CV-363, 2012 WL 2089741, at *1 (W.D. Pa. June 8, 2012) (employer liability for assault on third party); *Warner v. Kmart Corp.*, CIVIL 2005-0128, 2009 WL 1476476, at *4 (D.V.I. May 27, 2009) (addressing liability of employer for assault upon fellow employee but also analyzing preclusion under Virgin Island's Worker's Compensation Act); *Kevin C. v. Foundations Behavioral Health*, 705 F.Supp.3d 368 (E.D. Pa. 2023) (addressing liability of healthcare facility for employee's conduct against patient).

To establish negligent supervision or retention under Pennsylvania law, a plaintiff must show that his loss resulted from: (1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment; (2) that is committed on the employer's premises: (3) when the employer knows or has reason to know of the necessity and ability to control the employee. *Kovach v. Serv. Personnel & Empl. of the Dairy Indust.*, 58 F. Supp.3d 469 (W.D. Pa. 2014).

Here, Mr. Peck has sufficiently alleged elements for negligent supervision or retention, based upon the allegations in the Amended Complaint as regards SSSI's purported knowledge of Mr. Hayman's propensities and pairing Mr. Peck and Mr. Hayman together.  While SSSI maintains that the Amended Complaint does not allege that Mr. Hayman's conduct occurred on SSSI's premises, as a required element of the negligent supervision and retention claim, the Amended Complaint avers that the incident occurred while traveling from a job site to the SSSI compound. (ECF No. 10 at ¶¶ 18-26).  The Court observes, from its own research, that an avenue may exist where travel from a job site to defendant's place of business may satisfy the "premises" component of this claim.  However, the parties again have not offered a complete legal analysis of this issue in relation to the facts as pleaded.  Further, as with the assault and battery claim, there may exist other defenses or elements that the parties should develop at a later stage of this case.  Therefore, at this stage, it is premature for the Court to find as a matter of law that any claim for negligent retention and hiring of Mr. Hayman should be dismissed.

Accordingly, SSSI's Motion to Dismiss Count V will be denied.

The Court enters the following order.

ORDER

Upon consideration of Mr. Peck's Amended Complaint (ECF No. 10), SSSI's Motion to Dismiss (ECF No. 11), the respective briefs and responses (ECF Nos. 12, 13, and 14), and for the foregoing reasons, SSSI's Motion to Dismiss is denied.

Defendants shall answer Mr. Peck's Amended Complaint on or before November 13, 2024. The Court also notes that the docket does not reflect that Mr. Hayman has been served. Mr. Peck is reminded that, in accordance with Fed. R. Civ. P. 4(m), he must serve Mr. Hayman within ninety (90) days of filing his Amended Complaint.

DATED this 30th day of October, 2024.

BY THE COURT:

MARILYN J. HORAN
United States District Judge